**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **United States of America**, ) | |
| ) | **CASE NO.   1:18 CR 00126** |
| ) | **1:18 CR 00127** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| **Darren M. Monroe, Jr.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |
| ) | |

## INTRODUCTION

This matter is before the Court upon defendant's motions under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence. For the following reasons, the defendant's motions are DENIED.

1

**FACTS**[1]

*Case No. 18 CR 126*

After defendant was charged with felon in possession of firearm and ammunition (Count One), he entered a plea of guilty on May 7, 2018. On September 28, 2018, defendant was sentenced to 57 months imprisonment on Count One, to be served concurrently with the sentence imposed in Case No. 1:18 CR 127. He was also sentenced to three years supervised release, also to run concurrently with the supervised release imposed in Case No. 1:18 CR 127. On October 2, 2018, the judgment order was issued by this Court.

On October 11, 2018, defendant filed a direct appeal of his sentence. Defendant thereafter filed a motion to voluntarily dismiss the appeal, which the Sixth Circuit granted on October 23, 2018. On September 23, 2019, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 31)

*Case No. 18 CR 127*

After defendant was charged with felon in possession of ammunition (Count One) and possession with intent to distribute cocaine base (Count Two), he entered a plea of guilty on May 14, 2018. On September 28, 2018, defendant was sentenced to 120 months imprisonment on Count One and 151 months imprisonment on Count Two, to run concurrently with each other, and concurrently with the sentence imposed in Case No. 1:18 CR 126. He was also sentenced to three years supervised release, also to run concurrently with the supervised release imposed in Case No. 1:18 CR 126. On October 2, 2018, the judgment order was issued by this Court.

---

[1] The Court notes defendant had filed duplicate §2255 motions in Case Nos. 18 CR 126 and 18 CR 127. While defendant was sentenced in these cases on the same date, they were not consolidated. Accordingly, the Court will consider defendant's §2255 motions as to each case separately.

Defendant thereafter filed a direct appeal of his conviction and sentence. On October 19, 2018, defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 22) On December 26, 2018, the United States filed a motion to stay the § 2255 proceedings until the direct appeal was resolved. The Court granted this motion on January 28, 2019.

On September 4, 2019, the Sixth Circuit affirmed defendant's conviction and sentence. On September 23, 2019, defendant filed a second Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 37) Defendant then filed a Motion to Stay the § 2255 proceedings, reporting he had recently moved to recall the Sixth Circuit's mandate and order. On January 9, 2020, the Sixth Circuit denied defendant's request to recall the mandate. The Court thereafter denied defendant's Motion to Stay as moot.

Both of defendant's § 2255 Motions (Docs. 22, 37) remain pending before the Court. The parties agree that the submission of a second § 2255 Motion should be regarded as an amendment to the first, not a successive petition. The Court, therefore, will treat it as such.

**STANDARD OF REVIEW**

28 U.S.C. §2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. To warrant relief under the statute because of constitutional error, the error must be one of

3

constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**DISCUSSION**

Defendant asserts claims for ineffective assistance of counsel at both the trial and appellate level and argues that his sentence must be corrected based on intervening changes in the law.

*Case No. 18 CR 127*

With respect to his claims for ineffective assistance of trial counsel, defendant identifies several errors relating to the career offender enhancement applied at sentencing. Defendant maintains that he was not eligible for a career offender enhancement and his counsel at sentencing failed to properly investigate this issue. Defendant also argues that his counsel did not inform him of the possibility that a career offender enhancement could be applied.

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985)).

For the following reasons, the Court finds that defendant has not established ineffective assistance of trial counsel. Defendant first argues that his previous convictions under O.R.C. §2925.03 did not qualify for the career offender enhancement and his attorney at sentencing failed to recognize and raise this issue. The Court disagrees. Defendant has four felony convictions under O.R.C. § 2925.03 – one of which is under § 2925.03(A)(2) and two of which are under § 2925.03(A)(1).[2] At the time of sentencing, convictions under both of these subsections of § 2925.03 were considered controlled substance offenses for purposes of applying a career-offender enhancement. *See United States v. Robinson*, 333 Fed. Appx. 33, 36 (6th Cir. 2009) ("Because § 2925.03(A)(2) includes an element of "manufacture, import, export, distribution, or dispensing," or intent to do those things, that subsection of the Ohio statute falls within the ambit of U.S.S.G. § 4B1.2(b)."); *United States v. Allen*, 711 Fed App'x 781, 784 (6th Cir. 2017) ("convictions under Ohio Revised Code § 2925.03(A)(1) categorically qualify as controlled substance offenses . . ."). Therefore, defendant had more than enough prior convictions to qualify him for career offender status.[3]

---

[2]   Without citing any authority, defendant maintains the information contained in the Presentence Investigation Report ("PSR") cannot be "relied upon to sustain the relative sentencing enhancements." Defendant requests an evidentiary hearing to "discover the validity of these claims." The Court denies this request. The PSR lists out each of defendant's convictions, as well as the corresponding state court case number. These convictions are consistent with the state court docket. *See Smitley v. Eppinger*, 2018 WL 9618503, *1 n. 2 (N.D. Ohio 2018) ("Federal Courts may take judicial notice of public records, such as dockets and proceedings in other courts.")

[3]   The United States Sentencing Guidelines provide that

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense;

5

Accordingly, because the career offender classification was correct, defendant's counsel at sentencing could not have rendered ineffective assistance by failing to raise or further investigate a meritless argument. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial").

Defendant next argues that his attorney at the plea negotiation and sentencing stage rendered ineffective assistance because he failed to inform defendant of the possibility of a career offender designation. Defendant maintains that because he was not aware of this possibility, his attorney "robbed him of the ability to make a knowing and intelligent" plea.

Upon review, the Court finds this argument fails under both prongs of *Strickland*. The failure of counsel to properly estimate a sentencing guidelines range "does not fall outside the wide range of reasonable representation" and is "not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *Mix v. Robinson*, 64 F. App'x 952, 956-957 (6th Cir. 2003) (internal citations omitted). Indeed, the transcript of defendant's plea hearing indicates that he was informed and understood that he faced a maximum plenty of ten years on count one and twenty years on count two. He expressed satisfaction with his attorney's representation and did not indicate that any promises were made to him regarding his sentence.

Thereafter, a PSR was created, which listed out defendant's criminal history and concluded that he was a career offender. At the sentencing hearing, defendant stated that he had gone over this report with his attorney. No objections were made to the findings contained in the

---

and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG, § 4B1.1(a).

report and defendant expressed no desire to change his guilty plea upon review of the PSR. While defendant's attorney may have not have predicted that defendant would be deemed a career offender prior to the filing of the PSR, this does not rise to the level of deficient performance. *See United States v. Barnes*, 83 F.3d 934, 940 (7th Cir.1996) (finding counsel was not deficient in failing to factor in the defendant's status as a career offender); *Thomas v. United States*, 27 F.3d 321 (8th Cir.1994) (holding that lawyer's failure to advise defendant that he could be sentenced as a career offender under the Guidelines does not constitute deficient performance).[4]

Moreover, even if the failure to advise defendant of the possibility of a career offender designation could be considered deficient performance, defendant has not established prejudice. The only evidence defendant sets forth is an affidavit asserting that he would have gone to trial had he had known that he would be considered a career offender. However, a habeas petitioner cannot establish *Strickland* prejudice simply by asserting that but for his attorney's act or omission, he would not have plead guilty. *Pilla v. U.S.*, 668 F.3d 368, 372-373 (6th Cir. 2012).

The record is clear that defendant reviewed the PSR that contained the career offender designation prior to sentencing. At no point after his review of the PSR did defendant indicate that he wished to withdraw his plea. At sentencing, defendant was again informed that he was considered a career offender and he did not object. Given these facts, it is unlikely that

---

[4] Defendant asserts that *Fritts v. United States,* 2019 U.S. App. LEXIS 13278 (6th Cir. 2019) supports his position. However, while this case involved whether "misadvice about whether a defendant is subject to a career offender enhancement is deficient performance under *Strickland*," the Sixth Circuit did not decide the merits of this question. Rather, it granted the petitioner a certificate of appealability. *Fritts*, 2019 U.S. App. LEXIS 13278, *3-4. Moreover, as explained above, even if the failure to inform about career offender status rises to the level of deficient performance, defendant still cannot demonstrate prejudice.

7

defendant would have gone to trial, rather than entering a plea, had his attorney informed him of a possible career offender designation. *See Mix*, 64 Fed App'x at 957. Accordingly, because defendant cannot establish prejudice as required by *Strickland,* this claim fails.

Defendant also asserts that his career offender enhancement and sentences should be vacated in light of the Sixth Circuit decision *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), which was issued after he was sentenced. Defendant maintains that several of his prior convictions are not considered controlled substance offenses under *Havis* and, therefore, he cannot be considered a career offender. Regardless of whether or not this is accurate, a challenge to a career offender classification pursuant to *Havis* is not cognizable claim on collateral review. *Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) ("Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines.") Accordingly, this claim fails.

Similarly, defendant argues that his felon in possession conviction should be vacated in light of the Supreme Court decision *United States v. Rehaif*, 139 S.Ct. 2191 (2019). However, *Rehaif* was not decided until after the defendant was convicted and sentenced. The Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a new rule of constitutional law." *Kitwana Khamisi v. United States*, 2020 WL 398520, *4 (6th Cir. 2020) (internal citations omitted). Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review. *See United States v. Mock*, 2019 WL 6324625, *6-7 (S.D. Ohio 2019); *United States v. May*, 2019 WL 6310195, *2 (S.D. Ohio 2019); *Moore v. United States*, 2019 WL 4394755, *2 (W.D. Tenn. 2019); *Abernathy v. United States*, 2019 WL

8

5268546, *5 n. 3 (E.D. Tenn. 2019). Accordingly, this claim fails as well.[5]

Finally, defendant raises several ineffective assistance of appellate counsel claims. Defendant first argues that because he did not qualify for a career offender enhancement, his appellate counsel was ineffective for failing to raise this claim on direct appeal. However, as discussed above, defendant did qualify for a career offender enhancement at the time of sentencing. The failure to raise a meritless argument on direct appeal cannot be considered ineffective assistance.

Defendant next argues that his appellate counsel provided ineffective assistance by not requesting a stay of defendant's direct appeal pending the outcomes of *Havis* and *Rehaif*. However, *Havis* and *Rehaif* were decided in June 2019, well after defendant's sentencing and the filing of his direct appeal.[6] Appellate counsel cannot be deemed ineffective for failing to anticipate future changes and developments in the law. *Snider v. United States,* 908 F.3d 183, 192 (6th Cir. 2018). Accordingly, defendant's arguments for ineffective assistance of appellate counsel fail.

For these reasons, none of defendant's asserted grounds warrant relief under §2255 in Case No. 18 CR 127.

*Case No. 18 CR 126*

---

[5] The Government asserts that this claim is procedurally defaulted because defendant did not raise it on direct appeal. However, the Court need not address this argument because it finds that *Rehaif* does not apply retroactively to cases on collateral review.

[6] Moreover, the Sixth Circuit affirmed defendant's convictions in September 2019, months after *Havis* had been decided. Within its opinion, the Sixth Circuit noted defendant "qualified as a career offender" and concluded defendant could not "raise an arguable issue on appeal that his 151-month sentence was unreasonable."

9

Upon review, the Court finds that many of the claims raised in defendant's duplicate §2255 motions are inapplicable to this case.

As discussed at length above, defendant identifies several errors relating to the career offender enhancement applied at sentencing. However, defendant did not receive a career offender designation in Case No. 18 CR 126. Accordingly, none of these claims can provide relief in this case.

However, defendant's claims regarding the *Rehaif* decision are applicable to this case. For the same reasons set forth above, defendant's arguments with respect to the *Rehaif* decision fail.

For these reasons, none of defendant's asserted grounds warrant relief under §2255 in Case No. 18 CR 126.

**CONCLUSION**

For the foregoing reasons, defendant's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence are denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.

                              /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge
                              Chief Judge

Dated: 2/5/20